NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERTO SALINAS ARIAS, AKA
Roberto Salinas,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-70460

Agency No. A201-289-991

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2022[**]
San Francisco, California

Before:  GOULD and RAWLINSON, Circuit Judges, and ADELMAN,[***] District
Judge.

This appeal arises from Petitioner Roberto Salinas-Arias's challenge to the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lynn S. Adelman, United States District Judge for the
Eastern District of Wisconsin, sitting by designation.

Board of Immigration Appeals's ("BIA") denial of his requests for Asylum, Withholding of Removal, and protection under the Convention Against Torture (CAT). At the time of his immigration proceedings Petitioner was a twenty-nine-year-old male citizen of El Salvador who was born in Ilobasco in El Salvador. Petitioner lived in El Salvador from birth until 2005 when he came to United States, entering without permission. Petitioner testified that he fled El Salvador because of his fear of the Mara Salvatrucha ("MS") gang. Petitioner alleged that the MS Gang wanted to recruit him and the Gang's recruitment efforts consistently escalated until they eventually became violent. The MS Gang's recruitment efforts reached the pinnacle of aggression in March of 2002 when Petitioner was stopped by the MS Gang, who attempted to recruit him again. Petitioner refused and said that the gangs threatened to harm him or his family if he refused to join them. After Petitioner's continued refusal, the recruiting gang members attacked Petitioner who was hit, punched, thrown to the ground, and hit on the ribs on both sides by about five to eight people. After the beating, Petitioner's mother took him to the hospital to get treated for his injuries where Petitioner received over-the-counter pain medication and was discharged. After the incident in March of 2002, Petitioner was attacked roughly five more times by various MS gang members, although not as severely as the March 2002 incident. In 2005 Petitioner's mother moved him from El Salvador into the United States. Petitioner remained in the United States and filed his request

2

for asylum in 2012. On March 10, 2016, the immigration judge ("IJ") denied Petitioner's application for relief and the BIA later affirmed. Petitioner seeks judicial review of the BIA's dismissal of his appeal. Under substantial evidence review, we disagree and we deny the petition for review.

We review the factual findings of the IJ and the BIA under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B). We will uphold the IJ's and BIA's factual findings unless any reasonable juror would be compelled to conclude to the contrary based on the evidence in the record. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017).

The applicant bears the burden of establishing that he or she is eligible for asylum. 8 C.F.R. § 208.13(a); *see also Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020). "An applicant alleging past persecution has the burden of establishing that (1) his treatment rises to the level of persecution; (2) the persecution was on account of one or more protected grounds; and (3) the persecution was committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010). "An asylum or withholding applicant's burden includes (1) demonstrating the existence of a cognizable particular social group, (2) his membership in that particular social group, and (3) a risk of persecution on account of his membership in the specified particular social group. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016). A

3

particular social group is one that is so "sufficiently particular that it can be described with passable distinction that the group would be recognized as a discrete class of persons." *Id*. at 1140.

In this instance, Petitioner does not fit within a cognizable particularized social group. The IJ described Petitioner's social group as, "individuals that gangs seek to recruit and individuals with perceived wealth or differences because of their residence in the United States." Petitioner rejects the IJ's classification of his social group, stating that a "better statement of Salinas's particular social group when considering his testimony as a whole would be, 'Salvadoran's who resist recruitment because they oppose gang authority.'"

Under either formulation, Petitioner does not establish a nexus between his harm and a protected ground that would allow his claims to survive. Petitioner's alleged protected ground i.e., citizens who resist gang recruitment, is not a particularized social group within the meaning of the law. Since Petitioner's argument is premised on a social group that is not recognized, Petitioner cannot overcome the lack of a protected ground and therefore cannot establish that the motive behind the MS Gang's recruitment efforts and threats was on account of a protected basis. *See Reyes*, 842 F.3d at 1132 n.3. Because there is no nexus between the harm and a protected ground, Petitioner's claims fail.

**PETITION DENIED.**